## STATE OF MAINE *vs.* ALBERT E. CLARY *et als.*

*What allegations indictment under R. S., c. 126, § 17, must contain.*

An indictment for conspiracy, under R. S., c. 126, § 17, is fatally defective if it does not contain any allegation of facts necessary to bring the defendant's acts within the purview of that section; as, for instance, if it omit to charge that the conspiracy was "to injure the person, character, business or property of another;" or an "illegal act injurious to the public trade, health, morals, police, or the administration of public justice;" or "to commit a crime punishable by imprisonment in the state prison."

The conspiracy must be to depreciate in value the article of property itself, and not merely to injure the owner by depriving him of the possession of it. A trespass in forcibly taking a horse from a person, even though accompanied by misstatements as to the authority for doing so, does not come within this statute.

ON EXCEPTIONS.

INDICTMENT charging that Albert E. Clary, Ford B. Curtis and George Elwell unlawfully conspired among themselves, at Gardiner, &c., with the fraudulent intent, &c., "by divers false pretences and subtle means and devices to obtain and acquire to themselves a certain horse, the property of one Erastus Littlefield, which the said Littlefield, by his agent, one George E. Spaulding, had previously received from the said Clary in exchange for a certain black horse . . . . . . . . . . . . . . . . and to deprive said Littlefield of the possession of said horse by trespass and to divest him of his title to said horse without due process of law, &c., . . . . . and thereby to commit an act injurious to the public morals and to the administration of public justice; and in pursuance of the said conspiracy, &c., the said defendants [naming them] on the twelfth day of October, 1874, at West Gardiner, &c., did falsely pretend, &c., to said Littlefield and his said agent, that said Curtis, an officer, was then and there possessed of certain papers, conferring upon said Curtis lawful authority to take said horse from the possession of said Littlefield; and did then and there forcibly, and against the wishes and commands of the

said Littlefield and Spaulding, take said horse from the possession of said Littlefield and convert said horse to their own use; whereas in truth and in fact said Curtis was not possessed of any such papers," &c., &c., &c.

Upon the trial at the October term, 1874, the respondents were convicted. Thereupon a motion was made to arrest the judgment upon the ground that the indictment was too defective to sustain a judgment and did not charge any offence known to the law. The motion was overruled, and the respondents excepted.

*L. Clay* for the respondents.

*Wm. Penn Whitehouse*, county attorney, for the state.

APPLETON, C. J.   This is an indictment for conspiracy under R. S., c. 126, § 17.   The jury found the defendants guilty, who thereupon filed a motion in arrest of judgment, which being overruled, exceptions to such over-ruling were duly taken.

The indictment sets forth a conspiracy to obtain a horse the property of one Littlefield; and that, in pursuance of such conspiracy, they alleged that Ford B. Curtis, one of the defendants and an officer, "was then and there possessed of certain papers conferring upon said Curtis lawful authority to take said horse from said Littlefield and did then and there forcibly and against the wishes and command of said Littlefield . . take said horse from the possession of said Littlefield, and convert said horse to their own use;" whereas said Curtis was not possessed of any papers authorizing him to take said horse.

The indictment entirely fails to allege any of the facts necessary to bring the defendants within § 17 of the chapter aforesaid.

There is no allegation that the conspiracy was "to injure the person, character, business, or property of another."   A conspiracy to cheat and defraud, and thereby causing an injury or loss is not within the prohibition.   The injury referred to is one whereby the value of the property injured is diminished or destroyed.   *State* v. *Hewett*, 31 Maine, 396.

The indictment does not set forth the doing of "any illegal act injurious to the public trade, health, morals, police, or administration of public justice;" nor any conspiracy "to commit any crime punishable by imprisonment in the state prison."

The indictment is not for Curtis' falsely assuming to be an officer, under c. 122, § 20, for it is distinctly alleged that he was an officer.

The substance of the indictment is that the defendants committed a trespass upon one Littlefield by forcibly taking from him his horse and converting the same "to their own use." This does not show any violation of § 17.  *Exceptions sustained.*
*Judgment arrested.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.